# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IAN SHARPE,                     ) | |
|           **Plaintiff,**          ) | |
| vs.                             ) | CIVIL NO. 10-cv-362-DRH |
| MARION USP ADMINISTRATION, et al.,  ) | |
|           **Defendants.**         ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Ian Sharpe, an inmate in USP-Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

Sharpe states that in March 2010, he voluntarily took housing in the Special Housing Unit

("SHU").  He states that extremely cold air blows from the vents in his cell, so he covered the vents.

Orders were later issued that the vents must remain uncovered, and inmates who did not comply

would not be allowed to shower.  Sharpe complained to unnamed officers about the cold air, stating

that it exacerbates his arthritis and his asthma, but he was directed to keep the vents uncovered.

### DISCUSSION

Inmates in custody of the Bureau of Prisons can raise grievances regarding the conditions of

their confinement pursuant to administrative procedures set forth in 28 C.F.R. § 542.10, *et seq*.  An

inmate must first "informally present [his] complaints to staff" for resolution.  28 C.F.R. § 542.13(a).

> If the inmate is dissatisfied with the response he receives, he must file
> a BP-9 seeking administrative review with the warden. *See* 28 C.F.R.
> §§ 542.14(a).  If the inmate is dissatisfied with the warden's
> resolution of his grievance, he has twenty days to file a BP-10 with
> the Bureau of Prisons' regional director. *See* 28 C.F.R. §§ 542.15(a).
> If the inmate is dissatisfied with the regional director's disposition, his
> fourth and final appeal must be made to the Bureau of Prisons'
> general counsel by filing a BP-11 within thirty days. *See id.*

*Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

Federal statute also provides time-lines for responses from administration.

> Once filed, response shall be made by the Warden or CCM within 20
> calendar days; by the Regional Director within 30 calendar days; and
> by the General Counsel within 40 calendar days. If the Request is

determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

28 C.F.R. § 542.18.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement *must* exhaust his administrative remedies prior to filing suit. Failure to exhaust those remedies is grounds for summary dismissal of the complaint. *See Ester v. Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). This is true even if the inmate cannot obtain the specific form of relief he desires. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1823 & 1825, 149 L.Ed.2d 958 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Massey*, 259 F.3d at 645-646. Therefore, Sharpe was required to exhaust the administrative review process at USP-Marion before filing suit in federal court, regardless of the type of relief he sought.

It is clear from the pleadings that Sharpe did not exhaust his administrative remedies before filing this action. The complaint states that Sharpe moved into the SHU on March 17, 2010. This action was filed on April 22, 2010, just over a month later. Noting, above, the time frames set forth in the rules, the Court finds it improbable, if not impossible, that Sharpe completed the process in less than five weeks. More telling is that in the complaint form, Sharpe has left blank all of the questions related to exhaustion of remedies. According to the complaint, the only action he took to

resolve this issue was (1) explaining his medical issues to the captain and (2) sending an inmate

request to the warden.  Finally, on May 19, 2010, Sharpe submitted some exhibits in support of his

complaint (Doc. 9).  Among those exhibits is a Administrative Remedy Response from Warden

Hollingsworth dated April 30, 2010, eight days after Sharpe had filed this action.

Although failure to exhaust administrative remedies is usually an affirmative defense when,

as here, it is clear from the face of the complaint that Sharpe did not exhaust his available remedies

prior to bringing suit, the complaint fails to state a claim upon which relief may be granted.  *Jones

v. Bock*, 549 U.S. 199, 214-215 (2007).

DISPOSITION

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action

is **DISMISSED** without prejudice to Sharpe filing a new action, but only after he has fully exhausted

his administrative remedies.  The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   November 15, 2010.**

David R. Herndon
2010.11.15 11:42:38
-06'00'

**CHIEF JUDGE
UNITED STATES DISTRICT COURT**